IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01408-PAB

PABLO MERCADO BENHUNEA,

     Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in he official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE,[1] Attorney General, U.S. Department of Justice, in his official capacity,

     Respondents.

---

**ORDER**

---

     This matter comes before the Court on petitioner Pablo Mercado Benhunea Verified Petition for Writ of Habeas Corpus [Docket No. 1] and Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 3]. Respondents filed a response. Docket No. 13.

## I. BACKGROUND[2]

     Petitioner has lived in the United States for eighteen years. Docket No. 1 at 11, ¶ 35. On January 20, 2026, petitioner was taken into custody by Immigration and

---

[1] Todd Blanche is substituted as a party for Pamela Bondi pursuant to Fed. R. Civ. P. 25(d).

[2] The following facts are undisputed unless otherwise noted.

Customs Enforcement ("ICE").  *Id.*  ICE charges petitioner with having entered the United States without inspection.  *Id.* at 2-3, ¶ 3.  Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.*

On April 2, 2026, petitioner filed a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  *See generally id*.  Petitioner brings a claim for violation 8 U.S.C. § 1226(a) (Count I); violation of Immigration and Nationality Act ("INA") bond regulations (Count II); violation of the Administrative Procedure Act ("APA") (Count III); violation of the due process clause of the Fifth Amendment of the United States Constitution (Count IV); and violation of petitioner's substantive due process rights under the Fifth Amendment (Count V).  *See id.* at 12-16.  Petitioner requests, among other forms of relief, that respondents provide petitioner a bond hearing.  *See id.* 1 at 12-18.

## II.  ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  *Id.* at 5-6, ¶ 17; Docket No. 13 at 1-3.  Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a), and not § 1225(b)(2), because "§ 1226 applies to noncitizens like Mr. Mercado Benhunea who are present without inspection, face inadmissibility charges in removal proceedings due to their entrance without inspection, and who do not have certain criminal legal contacts."  Docket No. 1 at 10, ¶ 32.  Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing.  *See id.* 13, ¶¶ 40-41.  Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted or paroled.

2

Docket No. 13 at 1-3.  Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.  *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See, e.g.*, *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on.  *See generally* Docket No. 13.  The Court finds no distinguishing material facts between this case and *Alfaro Orellana v. Noem,* No. 25-cv-03976-PAB, 2025 WL 3706417 (D. Colo. Dec. 22, 2025)*.*  Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).  The Court will grant the habeas petition on the § 1226 claim and will

order respondents to provide petitioner a bond hearing[3] within seven days of the date of this order.[4]

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Pablo Mercado Benhunea Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 3] is **DENIED as moot**.  It is further

---

[3] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court").  Petitioner requests that the Court "[e]njoin Respondents from unilaterally imposing additional forms of custody like 24/7 GPS monitoring, reporting requirements, or restrictions on movement, or delays in bond payment or delays in effectuating release through the CeBONDS system unless this Court or an IJ orders those conditions after Respondents convince this Court or an IJ by clear and convincing evidence in the custody hearing that they are necessary" and enjoin "Respondents from invoking the automatic stay provision in 8 C.F.R. § 1003.19(i)(2) if bond is granted."  Docket No. 1 at 17.  Petitioner asks that the Court "[r]equire the IJ to consider the Respondent's financial circumstances and ability to pay a bond when deciding what bond amount is appropriate."  *Id.* at 18.  Petitioner does not cite a basis for this relief, and the Court will not impose these restrictions on the bond hearing at this stage.

[4] Because the Court will grant the habeas petition on the basis of Count I, it will not reach petitioner's remaining claims and requests for relief.  *See Loa Caballero*, No. 2025 WL 2977650, at *8 ("The Court will thus grant the Petition with respect to Petitioner's first claim.  Since the Court's ruling on the INA claim will afford Petitioner the entirety of the relief he seeks, the Court need not address Petitioner's remaining arguments.").  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado.  *See* Docket No. 1 at 32.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[5]  It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED April 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[5] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing."  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026 (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").